```
                    UNITED STATES DISTRICT COURT

                     DISTRICT OF NEW HAMPSHIRE
```

Richard R. Wescott,
     Plaintiff

     v.                                    Case No. 14-cv-056-SM
                                           Opinion No. 2014 DNH 079
Richard Gerry, Warden
New Hampshire State Prison,
     Defendant


**O R D E R**


In 1998, Richard Wescott pled guilty to four counts of aggravated felonious sexual assault.  He was sentenced to serve ten to thirty years in prison, followed by a consecutive five to thirty year term.  He filed this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.  The matter is before the court for preliminary review pursuant to 28 U.S.C. § 1915A.


Section 2254 confers jurisdiction on this court to issue "a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Wescott asserts that he is in custody in violation of the Fifth, Eighth, and Fourteenth Amendments.  Specifically, he claims he has served the maximum sentence that could have been lawfully imposed upon him

for his crimes of conviction and is now being detained without any lawful basis.

This, however, is not Wescott's first attempt to obtain federal habeas relief from what he believes to be an unlawful state sentence. Indeed, it is at least the third time he has petitioned this court for such relief. See Wescott v. Gerry, No. 09-cv-334-JD, 2009 WL 4341221 (D.N.H. 2009) ("Wescott I"); Wescott v. Gerry, 10-cv-598-PB, 2011 WL 1578532 (D.N.H. 2011) ("Wescott II"). Here, as in those previous petitions, Wescott challenges the State's authority to detain him beyond what he believes to be the maximum term to which he could be lawfully sentenced. To the extent the specific challenges he raises in this petition were not raised before, they could have (and should have) been asserted in his first habeas petition, which this court resolved on the merits. See generally Wescott I. See also Wescott II, at *5 (noting that "Wescott's second petition, presently before the court, rais[es] arguments that could have been raised in the first petition, challeng[es] the same judgment, [and] is therefore 'successive' under § 2244.").

Parenthetically, the court notes that Wescott seems to believe that if he raises claims that he did not press in earlier petitions, this petition cannot constitute a "second or

successive" petition.  He is mistaken.  The bar imposed by 28 U.S.C. § 2244(b)(2) on second or successive petitions applies not only to claims that were actually raised in a prior petition, but also to those claims "that could have been properly raised and decided in a previous petition."  <u>Gautier v. Wall</u>, 620 F.3d 58, 60 (1st Cir. 2010).  The claims Wescott advances in this petition plainly could have been raised in his original petition.  And, none of the limited exceptions set forth in section 2244 permitting successive petitions, e.g., a new rule of constitutional law; undiscovered factual predicate to claim; or actual innocence - applies to excuse Wescott's failure to press his current claims in his original petition.  <u>See generally</u> 28 U.S.C. § 2244(b)(2).

## Conclusion

Wescott's current petition for habeas relief, like the one before it, constitutes a "second or successive" petition.  <u>See</u> 28 U.S.C. § 2244.  Consequently, this court lacks jurisdiction to address his claims, absent permission by the United States Court of Appeals for the First Circuit.

Wescott's petition (document no. 1) is dismissed, without prejudice to his ability to seek authorization to file the

petition from the United States Court of Appeals for the First Circuit. See 28 U.S.C. § 2244(b)(3)(A).

The court declines to issue a certificate of appealability, but petitioner may seek a certificate from the Court of Appeals under Federal Rule of Appellate Procedure 22. See Rule 11, Federal Rules Governing Section 2254 Proceedings. The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

April 22, 2014

cc: Richard R. Wescott, pro se